UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GISSI CRUZ,
Plaintiff,

v.

WILLIAM SHEA, MICHAEL HOULE, CITY OF WOONSOCKET, and CERTAIN UNKNOWN INDIVIDUALS,
Defendants.

DOCKET NO.: 07-412-S

**PLAINTIFF'S STATEMENT OF ELEMENTS OF CLAIMS**

**42 U.S.C. § 1983 Claims**

The plaintiff, Gissi Cruz, claims that in refusing to reinstate her as a Reserve Officer, the defendants violated her rights to due process and equal protection of law. As such, the instant deprivations are actionable pursuant to 42 U.S.C. § 1983.

***Liability of Individual Defendants***

"… [T]he liability of persons sued in their individual capacities under section 1983 must be gauged in terms of their own actions." Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999), *citing* Malley v. Briggs, 475 U.S. 335, 341 (1986); Camilo-Robles v. Zapata, 175 F.3d 41 (1st Cir. 1999). Further, "[i]n order for a state officer to be properly brought into a suit individually under § 1983, the officer must be shown to have been in some manner personally involved in the alleged deprivation of rights." Feliciano v. Dubois, 846 F.Supp. 1033 (D. Mass. 1994). For Ms. Cruz to have a triable claim against the individual defendants, she must offer evidence to show that they "possessed either the state of mind for the particular constitutional violation … and played a causal role in plaintiff's constitutional violation." O'Neill v. Baker, 210 F.3d 41, 47 (1st Cir. 2000).

***Liability of Municipal Defendant***

As a prerequisite to any municipal claim, the plaintiff must establish first that she suffered a constitutional injury, that is, that a state actor, acting under color of law, deprived her of a right secured by the laws and the constitution of the United States. Los Angeles v. Heller, 475 U.S. 796, 106 S.Ct. 1571 (1986).

Additionally, in order to hold a municipality liable under Section 1983, the plaintiff must "identify a municipal 'policy' or 'custom' that cause his or her injury." Board of the County Comm'rs of Bryant County v. Brown, 117 S.Ct. 1382, 1388 (1997). The injury alleged must be

attributable to a custom, policy or practice so widespread as to have the force of an internal regulation. Monell v. New York City Dept. of Soc. Svces., 436 U.S. 658, 98 S.Ct. 2018 (1978). In sum, municipal liability lies only when a municipal policy or custom causes the alleged constitutional deprivation. Manarite v. City of Springfield, 957 F.2d 953 (1st Cir. 1992).

The plaintiff must prove a direct link between the policy statement or custom and the constitutional violations. Bowen v. City of Manchester, 966 F.2d 12, 18 (1st Cir. 1992).

***Due Process Claims***

Ms. Cruz was deprived of her right to due process of law as she was removed and denied reinstatement to her position as a Reserve Officer by the defendants without any hearing.

A plaintiff in a § 1983 action bears the burden of proving that a property interest exists. Larsen v. City of Beloit, 130 F.3d 1278, 1282 (7th Cir. 1997). Only after establishing that such interest exists does the court look to see whether the State's procedures comport with due process. American Manufacturers Mutual Insurance Co. v. Sullivan, 526 U.S. 20, 119 S.Ct. 977 (1999). "[T]he position most faithful to the Supreme Court's decision in Roth is that a constitutionally protected property interest exists if acknowledged by applicable state law." Buckley Construction, Inc. v. Shawnee Civic & Cultural Development Authority, 933 F.2d 853, 857-859 (10th Cir. 1991), *referencing* Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709 (1972). A property interest in continued public employment is not created by the Constitution; rather, a property interest in continued employment must "stem from an independent source such as state law." Board of Regents of State Colleges v. Roth, *supra*. "A property interest in employment can, of course, be created by ordinance, or by an implied contract." Bishop v. Wood, 426 U.S. 341, 344, 96 S.Ct. 2074 (1976).

The general standard for determining whether an employee has a protected property interest is whether the employee had a legitimate expectation of continued employment. Hennigh v. City of Shawnee, 155 F.3d 1249, 1253 (10th Cir. 1998).

To sustain a claim under § 1983 that the termination of a public employee constituted a deprivation of due process, the plaintiff must allege facts from which a reasonable fact finder could conclude (1) that the public employer deprived the plaintiff of a property interest and (2) that it did so without affording adequate procedural protections, as guaranteed by the Due Process Clause. Huskey v. City of San Jose, 204 F.3d 893, 900 (9th Cir. 2000). See also Board of Regents of State Colleges v. Roth, *supra*.

It is well-settled that the failure to provide a pre-termination hearing violates due process rights of an employee who had a protected property interest in her employment, regardless of the adequacy of post-deprivation procedures. Todaro v. Norat, 112 F.3d 598 (2d Cir. 1997).

***Equal Protection Claims***

The plaintiff was denied equal protection of law as notwithstanding the fact that she was the victim of sexual harassment and of an assault by her supervisor in the Woonsocket Police Department, she was refused further employment, while Lt. Paul was not discharged.

The equal protection clause prohibits gender discrimination and prohibits state actors from any intentional conduct designed to impede a person's career advancement because of gender. Lindsey v. Shalmey, 28 F.3d 1382 (9th Cir. 1994).

The Supreme Court has held that discriminatory intent is a prerequisite to a § 1983 case based on a violation of the Equal Protection Clause of the Fourteenth Amendment. Personnel Administrator v. Feeney, 442 U.S. 256, 272, 99 S.Ct. 2282 (1979).

Ms. Cruz may prove a violation of equal protection by intentional discrimination in either of the following ways: (1) pointing to a facially neutral law or policy that has been applied in an unlawfully discriminatory manner; or (2) a facially neutral policy that has an adverse effect and was motivated by discriminatory animus. Pyke v. Cuomo, 258 F. 3d 107 (2d Cir. 2001).

***Sexual Harassment Claims***

The plaintiff was sexually harassed by Lt. Paul in the months leading up to the physical assault by way of multiple emails. These emails created a hostile work environment for the plaintiff.

A government official or supervisory employee may be held liable for a subordinate's act of sexual harassment upon a showing of deliberate indifference to known sexual harassment. Murrell v. School District No. 1, 186 F.3d 1238 (10th Cir. 1999).

Sexual harassment is actionable under Section 1983 as a violation of the equal protection clause. Pontarelli v. Stone, 930 F.2d 104 (1st Cir. 1991). See also Bohen v. City of East Chicago, Indiana, 799 F.2d 1180 (7th Cir. 1986). Liability for sexual harassment under the Fourteenth Amendment is generally based on some authority that the defendant has over the victim. David v. City of Denver, 101 F.3d 1344 (10th Cir. 1996).

The Fourteenth Amendment provides an independent basis to bring a sexual harassment claim against persons acting under color of law. Trigg v. Fort Wayne Comm. Schools, 766 F.2d 299 (7th Cir. 1985).

If a state entity places an official in a position of supervising a lesser-ranking employee and empowers him or her to give orders that the subordinate may not disobey without fear of a formal reprisal, the official wields sufficient authority to satisfy the color of law requirement of § 1983. Bonenberger v. Plymouth Township, 132 F.3d 20, 24 (3d Cir. 1997).

## 42 U.S.C. § 1985 Claims

### *Equal Protection Claims*

The right to be free from a denial of equal protection in employment and business opportunities is protectable under § 1985(3). Baldwin v. Morgan, 251 F.2d 780 (5th Cir. 1958). Further, sex-based conspiracies are actionable under § 1985(3). Curran v. Portland Superintending School Committee, 435 F.Supp. 1063 (D. Maine 1977).

Plaintiffs in actions under § 1985(3) must prove (a) the existence of a conspiracy, (b) intended to deny the plaintiff equal protection of the laws, or of equal privileges and immunities under the laws, (c) injury or deprivation of federally protected right to the plaintiff, (d) an overt act in furtherance of the object of the conspiracy, and (e) some racial or otherwise class-based invidiously discriminatory animus behind the conspirators' actions. Des Vergnes v. Seekonk Water Dist., 448 F. Supp. 1256 (D.C. Mass.); Rhodes v. Houston, 202 F. Supp. 624 (D.C. Neb. 1962), *aff'd* 309 F.2d 959 (8th Cir.); Griffin v. Breckenridge, 403 U.S. 88, 91 S.Ct. 1790 (1971).

### *Due Process Claims*

The constitutional right to procedural due process is protectable in § 1985(3) actions. Oppenheimer Mendez v. Acevedo, 512 F.2d 1373 (1st Cir. 1975).

Respectfully Submitted,
The Plaintiff,
By Her Attorney,

*/s/ Edward J. McCormick, III*

Edward J. McCormick, III
McCormick & Maitland
Suite Six – Hayward Manor
195 Main Street
Franklin, MA 02038
(508) 520-0333

Respectfully Submitted,
The Plaintiff,
By Her Attorney,

*/s/ Timothy S. Ahearn*

Timothy S. Ahearn, Esq.
RI Bar # 4501
250 Eddie Dowling Highway
North Smithfield, RI 02896
(401) 765-6699

**CERTIFICATE OF SERVICE**

I, Edward J. McCormick, III, do hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 23, 2008.

*/s/ Edward J. McCormick, III*
Edward J. McCormick, III